# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARVIN LEESON,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0403** (BOR Appeal No. 2052281)
(Claim No. 2017005383)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melvin Leeson, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Denise D. Pentino and Aimee M. Stern, its attorneys, filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on April 7, 2017. The Office of Judges reversed the decision in its October 23, 2017, Order and granted temporary total disability benefits from August 4, 2016, through January 10, 2017. The Order was reversed by the Board of Review on April 4, 2018, and the claims administrator's closure of the claim was reinstated. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Leeson, a coal miner, was injured in the course of his employment on August 3, 2016, when he was struck by a few employees engaging in horseplay. He sought treatment the following day with John Manchin, D.O., for an injury to his left jaw, neck, and face. It was noted that he was engaging in horseplay at work and was struck by his boss and another employee. Dr. Manchin diagnosed left jaw contusion and cervical strain. Dr. Manchin also completed an employee's and physician's report of injury and listed the diagnoses as head contusion and

1

cervical sprain. He stated that Mr. Leeson would be disabled for one week. The following day, a cervical x-ray and a CT scan of the head were completed. Dr. Manchin noted that Mr. Leeson was being treated Adnan Alghadban, M.D., for a prior herniated disc. On August 8, 2016, Dr. Manchin stated that Mr. Leeson was unable to move his neck well and needed physical therapy. The claim was held compensable for head contusion and cervical sprain.

Prior to the compensable injury, Mr. Leeson was treated by Dr. Alghadban. On February 6, 2012, he noted that Mr. Leeson was seen for headache, back pain, neck pain, shoulder pain, and numbness in the hands and arms. On May 8, 2013, Dr. Alghadban noted that an EMG had shown a worsening of carpal tunnel syndrome. On November 19, 2015, it was noted that another EMG showed moderate carpal tunnel syndrome.

On August 10, 2016, Mr. Leeson saw Dr. Alghadban for a follow up appointment in which it was noted that he was being treated for headache, neck pain, and back pain. The compensable injury was not mentioned. On August 24, 2016, Mr. Leeson reported worsening back pain. On October 12, 2016, Dr. Alghadban stated that Mr. Leeson had been off of work since August for back pain due to a history of facet arthrosis and sacroiliac joint arthrosis. By February 1, 2017, Mr. Leeson was still taking medications for headaches, neck pain, and back pain that was mentioned as early as February of 2012.

Mr. Leeson testified in a deposition on January 20, 2017, that he was not engaging in horseplay when he was hurt. He was struck on the left side of his neck. He asserted that he could only turn his neck three fourths of the way to the left side. He testified that following the compensable injury, he had a headache for a week and was given injections in the neck by Dr. Alghadban. He has been off of work since the injury and has not been released to return. He admitted that he had some arthritic pain in his neck prior to the compensable injury; however, he was able to work.

David Soulsby, M.D., performed an independent medical evaluation on March 24, 2017, in which he diagnosed healed jaw and neck contusion, chronic lower back pain, and chronic pain syndrome. He found that Mr. Leeson had reached maximum medical improvement and had 0% impairment. Dr. Soulsby found no objective findings of impairment. He noted that Mr. Leeson had restricted cervical range of motion, however, there were signs of nonorganic pain. On March 28, 2017, Dr. Manchin completed an attending physician's benefit form and stated that Mr. Leeson was not at maximum medical improvement but was ready for a permanent partial disability rating. It was noted that he was disabled from August 3, 2016, through April 3, 2017.

In a June 20, 2017, record review, Ira Ungar, M.D., opined that the occupational injury was a low impact hit to the left side of the face/neck which did not cause Mr. Leeson to fall down. He was able to complete his shift on the day the incident occurred. Objective evaluations since have been unremarkable. Dr. Ungar noted that Mr. Leeson was on significant levels of opiate pain medication for his back prior to the compensable injury. Dr. Ungar opined that "[t]he occupational incident of this claim was clearly of such a minor significance that there is no support, by any degree of medical certainty, for any period of temporary and total disability." He noted that there have been no objective findings on physical examination or diagnostic testing

that support any condition that would cause Mr. Leeson to be temporary and totally disabled for any period of time.

The claims administrator closed the claim for temporary total disability benefits on April 7, 2017. In its October 23, 2017, Order, the Office of Judges reversed the claims administrator's decision and granted temporary total disability benefits from August 4, 2016, through January 10, 2017. It found that there are multiple treatment notes by Dr. Alghadban, prior to the compensable injury, from February 6, 2012, through July 13, 2016. They note a history of headaches, neck pain, and back pain. There are physical findings noted that are normal; however, the Office of Judges was unable to determine if the findings relate to the cervical or lumbar spine. Therefore, it concluded that Dr. Alghadban's treatment notes do not contain sufficient evidence to conclude that Mr. Leeson had a disabling cervical condition prior to the compensable injury. The Office of Judges noted that Mr. Leeson treated with Dr. Manchin for the compensable injury. Dr. Manchin noted that he had sustained a cervical sprain and head contusion as a result of the work-related injury. He noted decreased range of motion and paracervical tenderness on his initial exam and in subsequent evaluations through January 10, 2017. On that date, Dr. Manchin stated that Mr. Leeson was ready for a permanent partial disability evaluation but still required treatment for the cervical spine. From March 7, 2017, through March 23, 2017, the Office of Judges found that Dr. Manchin noted limited cervical range of motion and pain upon palpation of the cervical spine. On an attending physician's benefits from dated March 28, 2017, Dr. Manchin again noted that Mr. Leeson was ready for a permanent partial disability rating. Based on Dr. Manchin's treatment notes, the Office of Judges concluded that Mr. Leeson was unable to work due to his limited cervical range of motion, and that he was temporarily and totally disabled from August 4, 2016, through January 10, 2017, the point at which Dr. Manchin determined he was ready for a permanent partial disability evaluation.

The Office of Judges further found that Dr. Soulsby's report was immaterial to the issue at hand. He evaluated Mr. Leeson on March 24, 2017, and found that he had reached maximum medical improvement. However, Dr. Manchin recommended a permanent partial disability evaluation on January 10, 2017, and Dr. Soulsby provided no opinion regarding whether Mr. Leeson reached maximum medical improvement prior to the date of the evaluation. Dr. Ungar's report was found to be less reliable than Dr. Manchin's treatment notes. Dr. Ungar performed a record review and did not examine Mr. Leeson. The Office of Judges found that he also failed to mention Dr. Manchin's findings of restricted cervical range of motion on August 4, 2016, August 8, 2016, and September 7, 2016. Further, he listed the accepted diagnosis as head contusion and cervical spine. The Office of Judges therefore concluded that he was not aware the claim had been held compensable for cervical sprain. Dr. Ungar's report was further discounted because he did not appear to consider cervical paraspinal tenderness or restricted cervical range of motion as medical findings sufficient to establish temporary total disability. The Office of Judges found that Dr. Manchin's findings support entitlement to temporary total disability benefits.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's closure of the claim for temporary total disability benefits on April 4, 2018. It

found that Dr. Alghadban's treatment notes indicate Mr. Leeson was treated for headaches, neck pain, and back pain since at least February 6, 2012. On April 4, 2016, he ordered a hard neck collar for cervical pain. On July 13, 2016, less than a month before the compensable injury, he noted that Mr. Leeson should continue Norco for headaches, neck pain, and back pain. A week after the compensable injury, Dr. Alghadban again treated Mr. Leeson for headaches, neck pain, and back pain. On October 12, 2016, he noted that Mr. Leeson had been off of work since August for back pain. He also noted that he was recently treated by the Spine Center and would stay off of work, finish physical therapy, and then return to the Spine Center. The Board of Review found that Mr. Leeson was seen several times from August of 2016 through April of 2017 by Dr. Manchin and that Dr. Alghadban continued to treat him as well during that time. The Board of Review noted that Dr. Soulsby examined Mr. Leeson and found cervical range of motion restrictions that were the result of inorganic pain. He concluded that there were no objective finings of injury to the cervical spine. Dr. Ungar performed a record review and came to the same conclusion, adding that the compensable injury was so minor that there is no support for any period of temporary total disability as a result. Finally, the Board of Review noted that Dr. Alghadban's reports indicate Mr. Leeson was off of work due to back pain, which is not a compensable condition. Therefore, the Board of Review concluded that his inability to work from August 4, 2016, through January 10, 2017, was not due to the compensable injury.

After review, we agree with the reasoning and conclusions of the Board of Review. The medical evidence indicates that Mr. Leeson had preexisting neck pain and headaches and that he was off of work due to noncompensable back pain, as evidenced by the treatment notes of Dr. Alghadban. His note are supported by the evaluation of Dr. Soulsby and the record review by Dr. Ungar.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

4